Citation Nr: 1319527 
Decision Date: 06/18/13 Archive Date: 06/27/13

DOCKET NO. 07-34 726 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

1. Entitlement to a compensable rating for external hemorrhoids.

2. Entitlement to an increased rating for gastroesophageal reflux disease (GERD), initially evaluated as 0 percent disabling and evaluated as 10 percent disabling effective August 7, 2009. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Elizabeth Jalley, Counsel



INTRODUCTION

The Veteran served on active duty from January 1967 to June 1993.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington.

The August 2006 rating decision denied a compensable rating for service-connected external hemorrhoids. It also granted service connection for GERD and assigned a 0 percent rating, effective March, 13, 2006. This disability rating was subsequently increased to 10 percent, effective August 7, 2009. 

In his October 2007 substantive appeal, the Veteran requested a Board video conference hearing at his local RO. He was scheduled for an April 2013 hearing and was notified of this hearing in a January 2013 letter. In March 2013, the Veteran's accredited representative withdrew the hearing request in writing. This hearing request is therefore deemed to have been withdrawn.

Finally, in September 2009, the Veteran's representative submitted a statement informing VA that "the veteran is in disagreement on the effective date of the grant of service connation for gastroesophageal disorder." 

A February 2010 deferred rating decision notes that the appeal period for the effective date for the grant of service connection for GERD had expired and the notice of disagreement was untimely. It was directed that the Veteran be provided with appropriate notice, to include instructions for reconsideration. 

A February 2010 letter informed the Veteran he had not filed a timely notice of disagreement with the effective date that was assigned for the grant of service connection for GERD in the September 2006 rating decision. He was notified that his October 2009 notice of disagreement may be considered a reopened claim and was notified how to appeal VA's determination that his October 2009 notice of disagreement was untimely. A claim of "entitlement to an earlier effective date for GERD," however, was listed in the May 2012 supplemental statement of the case.

It is the Board's responsibility to determine its own jurisdiction. 38 U.S.C.A. § 7104 (West 2002). With respect to the issue of entitlement to an earlier effective date for the grant of service connection for GERD, the Board notes that the Veteran did not file a timely notice of disagreement. The Board thus lacks jurisdiction to address the claim of entitlement to an earlier effective date for the grant of service connection for GERD. The Board also notes that the Veteran has not appealed the RO's determination concerning the timeliness of the appeal.


FINDINGS OF FACT

1. The Veteran has a large skin tag that is residual to a large hemorrhoid and is manifested by regular bleeding as well as itching, infection, inflammation, and irritability.

2. In March 2013, prior to the promulgation of a decision in the appeal, the Board received notification from the appellant, through his authorized representative, that a withdrawal of his claim of entitlement to an increased rating for GERD is requested.


CONCLUSIONS OF LAW

1. Resolving reasonable doubt in favor of the Veteran, the criteria for entitlement to a disability evaluation of 10 percent, but no more, for his service-connected external hemorrhoids have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2002); 38 C.F.R. Part 4, including §§ 4.7, 4.114, Diagnostic Code 7336 (2012).

2. The criteria for withdrawal of an appeal by the appellant (or his authorized representative) have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. § 20.204 (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Veterans Claims Assistance Act

The Veterans Claims Assistance Act of 2000 (VCAA), Public Law No. 106-475, 114 Stat. 2096 (2000), substantially amended the provisions of chapter 51 of title 38 of the United States Code, concerning the notice and assistance to be afforded to claimants in substantiating their claims. VCAA § 3(a), 114 Stat. 2096, 2096-97 (2000) (now codified as amended at 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2012)). In addition, VA published regulations, which were created for the purpose of implementing many of the provisions of VCAA. See 66 Fed. Reg. 45,620 (Aug. 29, 2001) (now codified, in pertinent part, at 38 C.F.R. § 3.159 (2012)).

The notice requirements of the VCAA require VA to notify the veteran of any evidence that is necessary to substantiate a claim, as well as the evidence VA will attempt to obtain and which evidence the veteran is responsible for providing. Quartuccio v. Principi, 16 Vet. App. 183 (2002). The requirements apply to all five elements of a service connection claim: veteran status, existence of a disability, a connection between the veteran's service and the disability, degree of disability, and effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Such notice must be provided to a claimant before the initial unfavorable decision on a claim for VA benefits by the agency of original jurisdiction. Id; see also Pelegrini v. Principi, 18 Vet. App. 112 (2004). The VCAA notice requirements, however, may be satisfied if any errors in the timing or content of such notice are not prejudicial to the claimant. See Dingess, supra; Pelegrini, supra.

The Board finds that the notification requirements of VCAA have been satisfied in this case. In this regard, the Board notes March 2006, July 2006, and November 2006, evidentiary development letters in which the RO advised the appellant of the evidence needed to substantiate his claim of entitlement to an increased rating for hemorrhoids. The appellant was advised in these letters of his and VA's responsibilities under VCAA, to include what evidence should be provided by him and what evidence should be provided by VA. These letters also advised the Veteran as to the type of evidence needed to substantiate both the disability rating and effective date elements of his claim, pursuant to the Court's holding in Dingess, supra. 

The Board notes that the November 2006 letter was not issued prior to the initial adjudication of the Veteran's claim in August 2006. His claim, however, was subsequently readjudicated, most recently in a November 2012 supplemental statement of the case. Thus, any deficiencies in the timeliness of this notice letter would not be prejudicial.

The Board further finds that the duty to assist requirements of VCAA have also been satisfied in this case. 38 U.S.C.A. §§ 5103 and 5103A. Specifically, the Board finds that all obtainable evidence identified by the Veteran relative to the issue on appeal has been obtained and associated with the claims folder. In particular, the Board notes that the RO obtained the Veteran's VA medical records and his Social Security Administration records.

The RO arranged for the Veteran to undergo VA examinations in June 2006 and August 2009. The Board finds that the resulting examination reports are adequate for the purpose of determining entitlement to an increased rating. The examiners elicited from the Veteran his history of complaints and symptoms, and the examination reports provide pertinent clinical findings detailing the results of the examinations to allow for effective evaluation of the Veteran's disability. For these reasons, the Board concludes that the examination reports in this case provide an adequate basis for a decision.

The Board has considered whether to remand this claim for a more recent VA examination, as the most recent VA examination of record is from August 2009. The Board notes, however, that the duty to assist does not require a remand for re-examination solely because of the passage of time since an otherwise adequate VA examination was conducted. VAOPGCPREC 11-95, 60 Fed. Reg. 43186 (1995); Glover v. West, 185 F.3d 1328 (Fed. Cir. 1999); Snuffer v. Gober, 10 Vet. App. 400 (1997). There is no objective evidence indicating that there has been a change in the severity of the Veteran's hemorrhoid disability since the August 2009 examination. See 38 C.F.R. § 3.327(a) (2012). 

The evidence of record provides sufficient information to adequately evaluate the claim. Therefore, no further assistance to the Veteran with the development of evidence is required, nor is there notice delay or deficiency resulting in any prejudice to the Veteran. 38 U.S.C.A. § 5103A(a)(2); 38 C.F.R. § 3.159(d); see Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 444 F.3d 1328 (Fed. Cir. 2006).

II. Increased Rating

The Veteran has claimed entitlement to an increased rating for external hemorrhoids, which are currently rated as 0 percent disabling under 38 C.F.R. § 4.114, Diagnostic Code 7336 (2012). 

Disability evaluations are determined by the application of VA's Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civil occupations. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.321(a), 4.1 (2012).

The basis of disability evaluations is the ability of the body as a whole to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Where entitlement to compensation has already been established and an increase in the assigned evaluation is at issue, it is the present level of disability that is of primary concern. Francisco v. Brown, 7. Vet. App. 55, 58 (1994). Although the recorded history of a particular disability should be reviewed in order to make an accurate assessment under the applicable criteria, the regulations do not give past medical reports precedence over current findings. Id. However, staged ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007).

The RO has rated the Veteran's hemorrhoids under Diagnostic Code 7336, which is applicable to both external and internal hemorrhoids. A noncompensable rating is assigned if the hemorrhoids are mild or moderate. A 10 percent rating is warranted for hemorrhoids that are large or thrombotic, irreducible, with excessive redundant tissue, evidencing frequent recurrences. A maximum 20 percent rating is warranted for hemorrhoids with persistent bleeding and with secondary anemia, or with fissures. See 38 C.F.R. § 4.114, Diagnostic Code 7336.

In statements made in March 2006 and September 2009, the Veteran reported that his hemorrhoids manifest in constant pain, itching, swelling, and bleeding. 

The pertinent evidence in the case at hand consists of VA examination reports from June 2006 and August 2009. While the record does contain ample VA medical records from the appeal period, none of these records reflects that the Veteran has sought treatment for his hemorrhoids.

The June 2006 VA examination report notes that the Veteran reported that his hemorrhoids do have "bleeding fairly regularly almost daily which he describes as not too much." On examination of the perirectal area, the examiner found external hemorrhoids that were not inflamed, reddened, or increased in local heat, and there was no current evidence of rectal bleeding. Complete blood count was normal, and there was no evidence of anemia. 

The August 2009 VA examination report notes that the Veteran described external hemorrhoids as something he has on a daily basis. He reported they cause him a lot of itching, discomfort, and, at times, bleeding. He reported that he has never been anemic. On examination, the examiner found a large skin tag that was very mobile and somewhat erythematous and was attached to the anorectal ring. There was a base with the apex extending downwards. There was a lot of loose skin and it appeared like a big tag, but it could have been an external hemorrhoid that had deflated and left a chronic skin tag that becomes irritated and inflamed. The examiner noted that, with the Veteran's diabetes, he probably develops a pruritus ani. She stated that there was no evidence to suggest that the Veteran had any external hemorrhoids at this stage, but he did have some residual skin tags as a result of an external hemorrhoid, which is causing him itching, some bleeding at times, infection, and irritability. He treats his symptoms with ProctoFoam cream. The area was not tender to touch, it was not bleeding, and was completely quiescent. The examiner determined that the Veteran has a large skin tag in the perianal area, subject to irritation, inflammation, and bleeding at times, apparently completely in remission. 

In short, the record shows that the Veteran has a large perianal skin tag that is likely a residual of a large hemorrhoid. This skin tag bleeds regularly and becomes itchy, irritated, and inflamed. It has also become infected. While the June 2006 examination report does not comment on the size of the external hemorrhoids that were found at that time, the Board will resolve reasonable doubt in the Veteran's favor and conclude that they were consistent with the findings in the August 2009 examination report. As noted above, a 10 percent rating is warranted for hemorrhoids that are large or thrombotic, irreducible, with excessive redundant tissue, evidencing frequent recurrences. Resolving reasonable doubt in the Veteran's favor, the Board finds that the Veteran's service-connected hemorrhoids more closely approximate the rating criteria of the 10 percent rating than of the 0 percent rating.

In the absence of evidence of secondary anemia or fissures, the Board finds that the criteria for a 20 percent rating are not satisfied.

In sum, with consideration of all of the evidence, the Board finds that the evidence shows manifestations of an external hemorrhoid disability meeting the criteria for a 10 percent disability rating, but no more, for the entire period that is contemplated by this appeal. 

In reaching this conclusion, the Board also has considered whether the Veteran is entitled to an even greater level of compensation for the disability at issue on an extra-schedular basis. Ordinarily, the VA Schedule will apply unless there are exceptional or unusual factors which would render application of the schedule impractical. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993).

According to the regulation, an extraschedular disability rating is warranted based upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. See 38 C.F.R. § 3.321(b)(1) (2012). An exceptional case is said to include such factors as marked interference with employment or frequent periods of hospitalization as to render impracticable the application of the regular schedular standards. See Fanning v. Brown, 4 Vet. App. 225, 229 (1993).

Under Thun v. Peake, 22 Vet App 111 (2008), there is a three-step inquiry for determining whether a veteran is entitled to an extraschedular rating. First, the Board must first determine whether the evidence presents such an exceptional disability picture that the available schedular evaluations for the service-connected disabilities are inadequate. Second, if the schedular evaluations do not contemplate the Veteran's level of disability and symptomatology and are found inadequate, the Board must determine whether the Veteran's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a veteran's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service to determine whether, to accord justice, the Veteran's disability picture requires the assignment of an extraschedular rating.

With respect to the first prong of Thun, the evidence in this case does not show such an exceptional disability picture that the available schedular evaluation for the Veteran's service-connected hemorrhoids is inadequate. A comparison between the level of severity and symptomatology of the Veteran's disability with the established criteria shows that the rating criteria reasonably describe the Veteran's disability levels and symptomatology.

Specifically, the Board finds that the rating criteria of Diagnostic Code 7336 for the Veteran's service-connected hemorrhoids adequately contemplate the level of impairment that is demonstrated in the evidence of record. As noted above, the Veteran's hemorrhoids are manifested by a large perianal skin tag that bleeds regularly and becomes itchy, irritated, and inflamed. It has also become infected. As further noted above, a 10 percent rating is warranted for hemorrhoids that are large or thrombotic, irreducible, with excessive redundant tissue, evidencing frequent recurrences. In this case, the Board notes that the Veteran's skin tag is large, as is contemplated by the 10 percent rating criteria. His symptoms, including his itching, bleeding, irritation, inflammation, and infection, are common manifestations of hemorrhoids. Thus, while these symptoms are not specifically listed anywhere in the rating criteria, they are clearly contemplated by the references to hemorrhoids that are "thrombotic, irreducible, with excessive redundant tissue, evidencing frequent recurrences." No fissures have been found, and none of the Veteran's symptoms has been described as having an effect on his overall physical condition in a manner that is comparable to anemia. 

The Board, therefore, has determined that referral of this case for extra-schedular consideration pursuant to 38 C.F.R. 3.321(b)(1) is not warranted.

III. Withdrawal

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2002). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2012). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. 

In the present case, the appellant, through his authorized representative, has withdrawn the appeal of the claim of entitlement to an increased rating for GERD. Specifically, a March 2013 written statement from the Veteran's accredited representative reflects that the Veteran "requests to withdraw his entire appeal for entitlement to an increased rating for GERD. He is satisfied with his current evaluation." 

Hence, there remain no allegations of errors of fact or law for appellate consideration on this issue. Accordingly, the Board does not have jurisdiction to review the appeal of the claim of entitlement to an increased rating for GERD, and it is dismissed.


ORDER

Entitlement to a compensable rating for external hemorrhoids is granted.

The claim of entitlement to an increased rating for GERD is dismissed.




____________________________________________
K. OSBORNE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs