Citation Nr: 1438786 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 08-10 094A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to an effective date earlier than March 10, 2003, for service connection for a ventral hernia. 

2. Entitlement to an increased rating for a hiatal hernia with postoperative residuals of a Nissen fundoplication and gas bloat syndrome, currently evaluated as 30 percent disabling. 

3. Entitlement to an initial rating in excess of 20 percent for a ventral hernia for the period to June 21, 2012. 


REPRESENTATION

Appellant represented by: The American Legion



ATTORNEY FOR THE BOARD

Brian J. Milmoe, Counsel


INTRODUCTION

The Veteran served on active duty from August 1973 to March 1996. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision entered in January 2007 by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California. 

This case was most recently before the Board in December 2013, at which time it was remanded to the Agency of Original Jurisdiction (AOJ) so that additional development could be undertaken. As a part thereof, the Board found that the Veteran had raised the issue of his entitlement to an earlier effective date for a grant of service connection for a ventral hernia and while the case remained in remand status, a rating decision was entered in May 2014 in which the effective date for that disorder was modified to March 10, 2003, with assignment of a 20 percent rating from that date. Following the AOJ's attempts to complete all of the actions requested, the claims folder has been returned to the Board for further consideration.

The Board herein addresses only the merits of the claim for increase for a hiatal hernia with postoperative residuals of a Nissen fundoplication and gas bloat syndrome. The issues of an earlier effective date for a grant of service connection for a ventral hernia and the initial rating(s) to be assigned therefor prior to June 22, 2012, are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.



FINDINGS OF FACT

1. From April 21, 2006, to the present, the Veteran's hiatal hernia with postoperative residuals of a Nissen fundoplication and gas bloat syndrome is shown to be manifested by complaints of abdominal pain, intermittent stomach cramping, alternating diarrhea and constipation, and social embarrassment due to loud stomach gurgling, but without a showing of more than a severe irritable colon syndrome; there is also not documented a hiatal hernia with pain, vomiting, material weight loss, and hematemesis or melena with moderate anemia; or other symptom combinations productive of a severe impairment of health.

2. The applicable rating criteria are adequate for the rating of the Veteran's hiatal hernia with postoperative residuals of a Nissen fundoplication and gas bloat syndrome. 


CONCLUSION OF LAW

The criteria for the assignment of a rating in excess of 30 percent for a hiatal hernia with postoperative residuals of a Nissen fundoplication and gas bloat syndrome have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.2, 4.3, 4.7, 4.10, 4.114, Diagnostic Code 7346-7319 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Remand Compliance

The claim for increase herein addressed on its merits was previously remanded by the Board on multiple occasions in order to facilitate the conduct of additional evidentiary and/or procedural development. All of the actions previously sought by the Board through its prior development requests appear to have been completed as directed, and it is of note that neither the Veteran, nor his representative, contends otherwise. See Stegall v. West, 11 Vet. App. 268, 270-71 (1998).

Duties to Notify and Assist

Before addressing the Veteran's claim, the Board is required to ensure that the VA's duties to notify and assist have been satisfied. See 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159. The notification obligation in this case was accomplished by way of the RO's letter, dated in July 2006, to the Veteran as to his claim for increase for the disability at issue. See Quartuccio v. Principi, 16 Vet. App. 183 (2002); Pelegrini v. Principi, 18 Vet. App. 112 (2004); Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 444 F. 3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

The RO also provided assistance to the Veteran as required under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c), as indicated under the facts and circumstances in this case. The Veteran has not made the AOJ or the Board aware of any additional evidence that needs to be obtained in order to decide fairly the claim herein addressed on its merits, and has not argued that any error or deficiency in the accomplishment of the duty to assist has prejudiced him in the adjudication of his appeal. See Shinseki v. Sanders, 129 S.Ct. 1696 (2009) (reversing prior case law imposing a presumption of prejudice on any notice deficiency, and clarifying that the burden of showing that an error is harmful, or prejudicial, normally falls upon the party attacking the agency's determination); Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 444 F. 3d 1328 (Fed. Cir. 2006). 

The record indicates that the Veteran has been provided multiple VA medical examinations as to his hiatal hernia with postoperative residuals of a Nissen fundoplication and gas bloat syndrome. The purpose of those examinations was to identify the nature and severity of the disorder in question and the reports from those examinations, and the record as a whole, are found to be sufficiently detailed as to permit fair and equitable consideration of the merits of the issue presented. As such, further development action relative to the disability herein at issue is not required. See 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4). 

In view of the forgoing, the Board finds that VA has satisfied its duties to notify and assist under the governing law and regulations. 

Analysis of the Merits

Disability ratings are intended to compensate impairment in earnings capacity due to a service-connected disorder. 38 U.S.C.A. § 1155. Separate diagnostic codes (DCs) identify the various disabilities. Id. Evaluation of a service-connected disorder requires a review of the Veteran's entire medical history regarding that disorder. 38 C.F.R. §§ 4.1, 4.2. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The evaluation of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14 (2013). Both the use of manifestations not resulting from service-connected disease or injury in establishing the service-connected evaluation, and the evaluation of the same manifestation under different diagnoses are to be avoided. Id.; Esteban v. Brown, 6 Vet. App. 259 (1994).

In order to evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of the condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). Where an award of service connection for a disability has been granted and the assignment of an initial evaluation is at issue, separate evaluations may be assigned for separate periods of time based on the facts found. In other words, the evaluations may be "staged." Fenderson v. West, 12 Vet. App. 119, 126 (2001). In Hart v. Mansfield, 21 Vet. App. 505 (2007), it was held that "staged ratings are appropriate for an increased-rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings." 

Service connection was previously established for a hiatal hernia with residuals of a Nissen fundoplication, for which a 10 percent rating was originally assigned under DC 7346. Service connection was thereafter granted for a gas bloat syndrome, secondary to the hiatal hernia with Nissen fundoplication and a 10 percent rating was assigned therefor under DC 7399-7319. The matter now on appeal stems from rating action in January 2010, when the RO combined the aforementioned entities and assigned a 30 percent rating therefor under DC 7346-7319, effective from April 21, 2006, the date of receipt by VA of the Veteran's claim for increase. 

By this appeal, the Veteran seeks an increased rating for his hiatal hernia and associated postoperative residuals of a Nissen fundoplication and gas bloat syndrome. He contends that a rating of 60 percent or more is warranted on the basis of continuing symptoms of abdominal pain, bloating, and bowel obstruction, which require him to struggle on a daily basis to attend to his work and other responsibilities. He alleges that the component parts of his disability should be separately evaluated. 

At the outset and in particular response to the Veteran's request for separate ratings, the Board notes that 38 C.F.R. § 4.113 (2013) states that diseases of the digestive system, particularly within the abdomen, which, while differing in the site of pathology, produce a common disability picture characterized in the main by varying degrees of abdominal distress or pain, anemia, and disturbances in nutrition. Consequently, coexisting diseases in this area do not lend themselves to distinct and separate evaluations without violating the fundamental principle relating to pyramiding as outlined in 38 C.F.R. § 4.14. Hence, the ratings under DCs 7301 to 7329, 7331, 7342, and 7345 to 7348 will not be combined with each other. A single evaluation will be assigned under the DC which reflects the predominant disability picture. 38 C.F.R. § 4.114. 

In this case, the RO has determined that the disability at issue is best rated on the basis of a combined DC, that of DC 7346 (hiatal hernia) and DC 7319 (irritable colon syndrome). Separate ratings are in effect for a ventral hernia and for abdominal scarring, which are not subject to the instant appeal and are not otherwise herein discussed. 

Under Code 7346, a 10 percent rating is assigned for a hiatal hernia with two or more of the symptoms for the 30 percent evaluation of lesser severity. The next higher rating of 30 percent is provided for a hiatal hernia with persistently recurrent epigastric distress with dysphagia, pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health. The maximum rating of 60 percent is authorized for a hiatal hernia with symptoms of pain, vomiting, material weight loss, and hematemesis or melena with moderate anemia; or other symptom combinations productive of a severe impairment of health. 

Under DC 7319, a 30 percent disability rating is warranted for severe irritable colon syndrome manifested by episodes of diarrhea, or alternating diarrhea and constipation, with more or less constant abdominal distress. Significantly, the 30 percent disability rating is the maximum available under DC 7319, and, as such, a higher rating is not for consideration under that DC. 

In view of the foregoing, it must be shown for assignment of the next higher evaluation that the Veteran's hiatal hernia is productive of pain, vomiting, material weight loss, and hematemesis or melena with moderate anemia; or other symptom combinations productive of a severe impairment of health. 

Review of the record as developed from April 2006 to the present does not indicate that vomiting, material weight loss, hematemesis, melena, or moderate anemia are indicated manifestations of the disorder in question, nor is there a showing of a severe impairment of health brought about by the hiatal hernia, Nissen fundoplication residuals, or his gas bloat syndrome. The record identifies abdominal pain and cramping, as well as alternating constipation and diarrhea and gurgling sounds from his stomach. 

Complaints of alternating periods of constipation and diarrhea, as well as left upper quadrant pain and intermittent cramping occurring once weekly, were made known by the Veteran at the time of his VA examination in August 2006. He further reported that his symptoms decreased when he stood up and it was noted that his desk job permitted him to stand up intermittently throughout the day to relieve his stomach cramps. Previous use of simethicone for gas and Metamucil for diarrhea was indicated. 

In March 2007, a diagnosis of normocytic anemia was identified and it was the opinion of the examiner that the Veteran's current mild anemia was not secondary to his service-connected Nissen fundoplication for hiatal hernia or gas bloat syndrome. 

A review of medical history at the time of a VA examination in June 2012 disclosed a history of gastroesophageal reflux disease with continuous use of medication, referenced to be limited to over-the-counter Prilosec. The Veteran indicated that he was retired and that he was bothered by epigastric discomfort, especially while in a reclining position, but noting that his symptoms were controlled by Prilosec. He reported that he was embarrassed in the presence of others or while at church when his stomach made disturbing gurgling sounds. Clinically, it was noted that the Veteran had infrequent episodes of epigastric distress and no indicia or notation of persistently recurrent epigastric distress, dysphagia, or pyrosis were indicated. Examination yielded diagnoses of gastroesophageal reflux disease, hiatal hernia, and status postoperative Nissen fundoplication. The VA examiner determined that such were productive of no functional limitation or impact on working ability. 

Also, during the course of the June 2012 examination it was noted that the Veteran's hemoglobin level when tested in the month prior was at 13.2, which was slightly low, and that his hematocrit was at 38.8 percent, which was noted to be low. A gastric emptying scan showed significant retention of the radiolabeled meal within the stomach and poor transit into the small intestine; it was noted by the examiner to be abnormal. The test impression was of an abnormal study showing significant prolongation of the gastric T-1/2. 

The Board acknowledges the Veteran's statements as to his observed and perceived manifestations of his service-connected hiatal hernia and related disorders, noting that he is competent to offer testimony as to what comes to him through his senses. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006). However, in this instance, though his statements and testimony are not incredible, they do not afford a basis for the assignment of a higher rating at any point during the period in question. His account and the remaining portion of the record are not persuasive as to any greater level of impairment than is reflected by the currently assigned, 30 percent schedular evaluation under DC 7346-7319. The record otherwise fails to demonstrate entitlement to a higher rating under DC 7346, with pain, vomiting, material weight loss, and hematemesis or melena with moderate anemia; or other symptom combinations productive of a severe impairment of health. 

On that basis, it must be concluded that a preponderance of the evidence is against entitlement to a schedular rating in excess of 30 percent for the disability herein at issue at any point from April 21, 2006, to the present. Hart, supra; see also 38 U.S.C.A. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364-1365 (Fed. Cir. 2001) (holding that "the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant"); Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990).

Extraschedular Consideration

The Board also has considered whether the Veteran is entitled to a greater level of compensation on an extraschedular basis for either disability at issue. Ordinarily, the VA Schedule will apply unless there are exceptional or unusual factors which would render application of the schedule impractical. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993). For the reasons discussed below, the Board finds that the Veteran's symptoms do not warrant a greater level of compensation for tinnitus or low back strain on an extraschedular basis.

According to the regulation, an extraschedular disability rating is warranted based upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. See 38 C.F.R. § 3.321(b)(1). An exceptional case is said to include such factors as marked interference with employment or frequent periods of hospitalization as to render impracticable the application of the regular schedular standards. See Fanning v. Brown, 4 Vet. App. 225, 229 (1993).

Under Thun v. Peake, 22 Vet App 111 (2008), there is a three-step inquiry for determining whether a veteran is entitled to an extraschedular rating. First, the Board must determine whether the evidence presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Second, if the schedular evaluation does not contemplate the Veteran's level of disability and symptomatology and is found inadequate, the Board must determine whether the Veteran's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a veteran's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service to determine whether, to accord justice, the Veteran's disability picture requires the assignment of an extraschedular rating.

With respect to the first prong of Thun, the evidence in this case does not show such an exceptional disability picture that the available schedular evaluations for the service-connected hiatal hernia, residuals of Nissen fundoplication, and gas bloat syndrome are inadequate. A comparison between the level of severity and symptomatology of each component part with the established criteria shows that the rating criteria reasonably describe each respective manifestation of the disability at issue, including his periods of epigastric distress, stomach cramping, alternating diarrhea and constipation, and abdominal pain. The pertinent manifestations and symptomatology are contemplated by the applicable DCs and the rating assigned adequately compensates him for his disability level. His reported symptoms, even the embarrassment in social situations that results from stomach gurgling, do not reach a level beyond the normal disability picture for someone with a hiatal hernia and related entities. The Board, therefore, has determined that referral of this case for extraschedular consideration pursuant to 38 C.F.R. § 3.321(b)(1) is not warranted.

The Board notes that under Johnson v. McDonald, 2013-7104, 2014 WL 3562218 (Fed. Cir. Aug. 6, 2014), a veteran may be awarded an extraschedular rating based upon the combined effect of multiple disorders in an exceptional circumstance where the evaluation of the individual entities fails to capture all the service-connected disabilities experienced. However, but one disability is herein at issue and, as indicated above, all of the pertinent symptoms and manifestations are addressed by DC 7346-7319. See Mittleider v. West, 11 Vet. App. 181 (1998). Accordingly, this is not a case involving an exceptional circumstance in which extraschedular consideration may be required to compensate the Veteran for a disability that can be attributed only to the combined effect of multiple entities. 

Finally, the Board has considered whether this appeal raises a claim of entitlement to a total disability evaluation based upon individual unemployability due to service-connected disability (TDIU). See Rice v. Shinseki, 22 Vet. App. 447 (2009) (a request for TDIU, whether expressly raised by a veteran or reasonably raised by the record, is not a separate claim for benefits, but is rather part of the adjudication of a claim for increased compensation). The Board notes that the Veteran has reported in his April 2007 statement that he struggled each day with his gastrointestinal symptoms and that he was required to do battle with his symptoms in order to work each day. The more recently developed evidence is to the effect that the Veteran has retired from employment. Further, there is no suggestion, either from the Veteran or from the evidence itself, that the disability under consideration has a profound effect on his ability to work in and of itself. Therefore, the Board finds that this appeal does not encompass a TDIU claim. 


ORDER

An increased rating for a hiatal hernia with postoperative residuals of a Nissen fundoplication and gas bloat syndrome is denied. 



REMAND

The issue of the Veteran's entitlement to an earlier effective date for service connection for postoperative residuals of a ventral hernia is inextricably intertwined with the appellate issue of the initial rating or ratings to be assigned therefor. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

As indicated above, the AOJ in May 2014 assigned an effective date of March 10, 2003, for service connection for a ventral hernia, with assignment of a 20 percent rating as of that date, and on the very same day entered a supplemental statement of the case as to the two appellate issues and the intertwined matter as to the earlier effective date for service connection for a ventral hernia. Cf. 38 C.F.R. §§ 3.103, 19.31, 19.37 (2013). Moreover, the effective date matter was not fully adjudicated, given the absence of pertinent law and regulations cited within that document. In addition, there was received by VA in June 2014 the Veteran's notice of disagreement as to both the effective date of service connection and rating assigned, alleging that the effective date should have been in April 1996 and that a 100 percent evaluation should have been assigned from that point. The AOJ did not thereafter respond to Veteran's notice of disagreement or undertake further adjudicatory action as to those questions. On the basis of the foregoing, remand is required for further adjudication and notice to the Veteran as to the questions of the effective date for service connection for a ventral hernia and the initial rating therefor. 

Further review of the record identifies the Veteran's argument that the VA examination performed in February 2014 was not as comprehensive or complete as one afforded him in June 2012, noting that the VA examiner did not render findings as to the severity of his ventral hernia throughout the period from its date of onset to the present. Notwithstanding the VA examiner's finding that the ventral hernia was not in evidence prior to 2003, the Board concurs that the severity of the disorder was not assessed sufficiently from the date of onset. Moreover, while the VA examiner recounted pertinent facts shown by the record, the significance of a January 1999 showing of an abdominal muscle defect and the small bowel obstruction in May 2005, which at the time was attributed clinically to the ventral hernia, were not adequately addressed. Also, it appears that not all of the clinical records made a part of the file since November 2012, including but not limited to a CREC History and Physical of January 1999, were listed in any decisional document to date. Such omissions warrant remand for corrective actions. Stegall, supra. 

Accordingly, this portion of the case is REMANDED for the following actions:

1. Furnish the Veteran with a statement of the case as to the issue of entitlement to an earlier effective date for a grant of service connection for a ventral hernia, to include a full recitation of all pertinent law and regulations, as well as the reasons and bases for the action(s) taken. Also advise the Veteran of the necessity of perfecting his appeal of the effective date matter by the timely filing of a substantive appeal so as to ensure that the matter may be considered by the Board. 

2. Obtain all pertinent VA treatment records, not already on file, for inclusion in the electronic claims folder. 

3. Thereafter, afford the Veteran a VA examination in order to ascertain more clearly the nature and severity of his ventral hernia since its onset. Provide the claims folder to the examiner for use in the study of this case. Such evaluation should include a detailed medical history, clinical examination, and any testing deemed necessary. The VA examiner is asked to document the severity of the ventral hernia from its date of onset to the present, including but not limited to its size, reducibility, gastrointestinal and neurological impact, and extent of damage, if any, to the abdominal muscles. The significance, if any, of January 1999 notation of an abdominal muscle defect and the small bowel obstruction in May 2005, which at the time was clinically attributed to an incarcerated, longstanding ventral hernia, should be fully assessed. 

4. Lastly, readjudicate the issue(s) remaining on appeal, to include as applicable, the effective date for service connection for a ventral hernia and its rating dating to the grant of service connection, on the basis of all of the evidence of record inclusive of that made a part of the record since entry of the supplemental statement of the case in November 2012. If any benefit sought by the Veteran is not granted to his satisfaction, then provide him with a supplemental statement of the case and afford him a reasonable period for a response, prior to returning the matter to the Board. 

The appellant has the right to submit additional evidence and argument on the matter matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs