Citation Nr: 1749199 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 08-38 181 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to referral for an extraschedular rating for a low back disability.

2. Entitlement to a total rating for compensation purposes based on unemployability due to service-connected disabilities (TDIU) prior to January 22, 2008.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

D. Bredehorst



INTRODUCTION

The Veteran served on active duty in the Army from July 1982 to January 2003.

This appeal to the Board of Veterans' Appeals (Board) is from an October 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

The case was remanded in August 2012 and December 2014.

Also as an initial matter, the record shows that an April 2017 letter advised the Veteran that money had been withheld from a recent payment due to possible payment of attorney's fees. That same month the Veteran filed a timely notice of disagreement (NOD) with the April 2017 letter; he has not yet been issued a statement of the case (SOC). Ordinarily, the claim would be remanded for the issuance of an SOC pursuant to Manlincon v. West, 12 Vet. App. 238 (1999). However, it appears the RO has acknowledged the Veteran's NOD and additional action is pending. See May 2017 notice letter to Veteran (acknowledging the receipt of his April 2017 NOD). Therefore, this situation is distinguishable from Manlincon, where a notice of disagreement had not been recognized, and remand is not necessary at this time.

The issue of entitlement to TDIU is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ


FINDING OF FACT

During the course of the appeal, the symptomatology and severity of the Veteran's lumbar disability was adequately reflected by the schedular criteria and did not present an unusual or exceptional disability picture.




CONCLUSION OF LAW

The criteria are not met to refer the Veteran's service-connected low back disability for an extraschedular consideration. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. § 3.321 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In this case, required notice was provided and the Veteran has not alleged, or demonstrated, any prejudice with regard to the content or timing of VA's notices or other development. See Shinseki v. Sanders, 129 U.S. 1696 (2009). Thus, VA's duty to notify has been satisfied.

As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). The Veteran's service treatment records, VA treatment records, private treatment records, and records from the Social Security Administration (SSA) have been obtained, to the extent available. The Veteran has also been afforded VA examinations in conjunction with his claim.

Neither the Veteran nor his representative has raised any other issues with the duty to notify or assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board...to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to the duty to assist argument). Therefore, since nothing more is required the Board will address the merits of the claim.
II. Legal Criteria and Analysis

Disability evaluations are determined by the application of the facts presented to VA's Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.321(a), 4.1.

In evaluating the severity of a particular disability, it is essential to consider its history. 38 C.F.R. § 4.1 (2016); Peyton v. Derwinski, 1 Vet. App. 282 (1991).

The Board is charged with the duty to assess the credibility and weight given to evidence. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997), cert. denied, 523 U.S. 1046 (1998); Wensch v. Principi, 15 Vet. App. 362, 367 (2001); Bryan v. West, 13 Vet. App. 482, 488-89 (2000).

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and recurrence of symptoms. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d at 1377 (Fed. Cir. 2007) (holding that "[w]hether lay evidence is competent and sufficient in a particular case is a factual issue to be addressed by the Board").

As a finder of fact, when considering whether lay evidence is satisfactory, the Board may also properly consider internal inconsistency of the statements, facial plausibility, consistency with other evidence submitted on behalf of the Veteran, and the Veteran's demeanor when testifying at a hearing. See Dalton v. Nicholson, 21 Vet. App. 23, 38 (2007); Caluza v. Brown, 7 Vet. App. 498, 511 (1995), aff'd per curium, 78 F.3d 604 (Fed. Cir. 1996). 

If the evidence supports the claim or is in relative equipoise, the benefit of the doubt shall be given to the claimant and the claimant prevails; when a preponderance of the evidence is against the claim, the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990).

In a December 2014 decision, the Board denied a schedular rating in excess of 20 percent for the Veteran's service-connected low back disability, so the only matter that remains regarding the low back disability is whether the disability should be referred for extraschedular consideration. 

In exceptional cases an extraschedular rating may be provided. 38 C.F.R. § 3.321. The United States Court of Appeals for Veterans Claims (Court) has set out a three-prong test, based on the language of 38 C.F.R. § 3.321(b)(1), for determining whether a Veteran is entitled to an extraschedular rating: (1) the established schedular criteria must be inadequate to describe the severity and symptoms of the claimant's disability; (2) the case must present other indicia of an exceptional or unusual disability picture, such as marked interference with employment or frequent periods of hospitalization; and (3) the award of an extraschedular disability rating must be in the interest of justice. Thun v. Peake, 22 Vet. App. 111 (2008), aff'd, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). 

As for the first prong in Thun, the record shows that the symptomatology primarily manifested by the low back disability are pain, flare-ups, and muscle spasms, which result in functional impairment such as limitation of motion, and limitation in prolonged standing, walking, or sitting,. See Correspondence received February 2007, VA Examination received April 2007, page 123 of Medical Treatment Record - Government Facility received February 2015, page 90 of Medical Treatment Records - Furnished by SSA received in May 2015, and page 50 of Medical Treatment record - Government Facility received in November 2015.

These symptoms and their severity are factors already contemplated either in the rating criteria in 38 C.F.R. § 4.71a and other pertinent regulations. See 38 C.F.R. §§ 4.40, 4.45, 4.59; see also Schafrath v. Derwinski, 1 Vet. App. 589, 592 (1991); Deluca v. Brown, 8 Vet. App. 202, 206-07 (1995); Burton v. Shinseki, 25 Vet. App. 1, 4 (2011). 

The symptomatology and functional impairment described above result from the limitation motion of the lumbar spine, to include as due to pain and muscle spasm, and all the symptoms described by the Veteran are contemplated in the schedular rating assigned under the General Rating Formula for Spine Disabilities either directly as limitation of motion or muscle spasm or tenderness or antalgic gait, or indirectly as orthopedic factors that limit motion and function. See 38 C.F.R. §§ 4.40, 4.45, 4.59 4.71a; DeLuca, 8 Vet. App. at 206-07.

The schedular rating criteria specifically include tenderness, spasm, and any and all limitations of motion of the spine in any direction, including in flexion, extension, lateral flexion, and rotation of the spine. 38 C.F.R. § 4.71a, Plate V. Such symptoms and impairment are part of or similar to symptoms listed under the schedular rating criteria. See 38 C.F.R. § 4.20.

The record also shows the Veteran takes medication for his symptoms, which may be considered in the context of considering an extraschedular rating, and it has been shown to usually reduce the severity of some of his symptoms. See pages 33 and 64 of Medical Treatment Record - Non-Government Facility received February 2015, page 80 of Medical Treatment Records - Furnished by SSA received May 2015. When all of these factors are considered together, the Board finds that the criteria to establish the first prong are not met.

Although further discussion is not required, the Board nevertheless finds that the second prong of Thun is also not met. In this regard, the case does not must present an exceptional or unusual disability picture, such as marked interference with employment or frequent periods of hospitalization. The Veteran's VA and non-VA treatment records do not reflect frequent hospitalizations for his back disability. His primary symptoms, as described above, would be expected to present some interference with employment and they have been taken into consideration in the current schedular rating, but are not outside the norm. Furthermore, there is no indication that his disability would result in marked interference with employment. 

In short, neither the first nor second prong for extraschedular referral is shown; thus, referral for extraschedular consideration is denied.


ORDER

Referral for an extraschedular rating for a low back disability is denied.


REMAND

During the course of the appeal, the RO granted the Veteran's claim for a TDIU, effective January 22, 2008. See Rating Decision - Narrative received June 2015. However, since the claim for TDIU benefits was received in October, 2006, the period prior to January 22, 2008 remains on appeal. 

Where the schedular rating is less than total, a total disability rating for compensation purposes may be assigned when the disabled person is considered to be unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

In the present case, for the period pertinent to the appeal, the Veteran's service-connected disabilities had a combined rating of 80 percent, but the highest individual disability rating was 30 percent for a heart disability. See Rating Decision - Code Sheet received January 2016.

If a Veteran fails to meet the threshold minimum percentage standards enunciated in 38 C.F.R. § 4.16(a), such as the case here, rating boards should refer to the Director of Compensation Service for extraschedular consideration all cases where the Veteran is unable to secure or follow a substantially gainful occupation by reason of service-connected disability. 38 C.F.R. § 4.16(b). See also Fanning v. Brown, 4 Vet. App. 225 (1993).

The Board does not have the authority to assign an extraschedular TDIU rating in the first instance. Bowling v. Principi, 15 Vet. App. 1 (2001).

Referral to consider an extraschedular rating is warranted since there is some evidence that suggests the Veteran may have been unemployable due to service-connected disabilities prior to January 22, 2008 despite his disabilities not meeting the schedular requirements. This evidence includes the determination from the Social Security Administration (SSA), a November 2007 statement from the Veteran's private physician, and the April 2007 VA examination. See Medical Treatment Records - Furnished by SSA, Third Party Correspondence received November 2007, and VA Examination received April 2007. 

Accordingly, the case is REMANDED for the following actions:

1. Refer the claim to the Director of Compensation Service for consideration of the issue of entitlement to TDIU on an extraschedular basis, pursuant to 38 C.F.R. § 4.16(b).

2. Readjudicate the remanded issue of entitlement to TDIU on an extraschedular basis prior to January 22, 2008. If the benefit sought on appeal is not granted, the Veteran and his representative should be provided a supplemental statement of the case and an appropriate time period for response. The case should then be returned to the Board for further consideration, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). The Veteran is advised to appear and participate in any VA examinations that may be scheduled by the RO, as failure to do so may result in denial of this rating claim. See 38 C.F.R. § 3.655 (2017).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B , 7112 (West 2014).




____________________________________________
A. ISHIZAWAR
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs