**William FANNING, Jr., Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–316.**

United States Court of Veterans Appeals.

Feb. 19, 1993.

Michael P. Horan, Washington, DC, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Arthur L. Kraut, Washington, DC, were on the brief, for appellee.

Before KRAMER, MANKIN and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Appellant, William Fanning, Jr., appeals the November 28, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to a separate (compensable) rating for a tender scar in the right inguinal area secondary to the postoperative residuals of a right inguinal hernia with ilioinguinal nerve neuritis. Appellant filed a brief on September 6, 1991. The Secretary of Veterans Affairs (Secretary) filed a brief on January 6, 1992. Appellant filed a reply brief on January 21, 1992. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252 (West 1991).

## I. BACKGROUND

William Fanning, Jr., served in the United States Army from January 1953 to December 1954. A herniorrhaphy (hernia operation) was performed in January 1954. A January 7, 1965, Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) rating decision amended a 1955 rating decision, to award service connection, at a noncompensable rating, for the operation residuals of a right inguinal hernia, under 38 C.F.R. § 4.114, Diagnostic Code (DC) 7338 (1992) (hernia, inguinal). A January 4, 1967, rating decision awarded a 100% disability rating for herniorrhaphy scar, under DC 7338 and 7804 (scars, superficial, tender and painful on objective demonstration), effective October 4, 1966, due to appellant's hospitalization, but also decreased the rating to 10% effective November 1, 1966.

Appellant underwent a second repair to the inguinal hernia in January 1967. In a September 10, 1969, rating decision, the VARO increased appellant's disability rating for residuals of the hernia to 30% under DC 7338 and 8630 (diseases of the peripher-

al nerves, neuritis). That rating decision did not continue the January 4, 1967, award of a compensable rating for herniorrhaphy scar.

Appellant was hospitalized again on October 17, 1969, at which time a right radical orchiectomy (surgical excision of a testis) was performed. On December 11, 1969, the rating board awarded a 100% disability rating for the residuals of hernia from October 17, 1969, but also reduced the rating to 10% effective December 1, 1969, based on improvement in pain. The rating board also granted a 10% disability rating for right radical orchiectomy.

From November 23, 1971, to December 22, 1971, appellant was hospitalized, and as a result the rating board increased his disability rating to 100% from November 23, 1971, for residuals of the right inguinal hernia with ilioinguinal nerve neuritis, but then reduced the rating to 10% effective January 1, 1972. Appellant was also hospitalized for evaluation of his disorder from April 5, 1976, to May 18, 1976; from September 3, 1980, to September 5, 1980; and from January 15, 1982, to January 18, 1982. Prior to the November 28, 1990, BVA decision which is the subject of this appeal, the VARO and BVA denied appellant's claims for an increased disability rating on numerous occasions.

Appellant reopened his claim on January 29, 1990, but the February 2, 1990, rating decision found that the

> medical evidence is duplicative, cumulative & repetitive. The majority of which has been previously considered.... [A]s there is no evidence of a recurrent hernia, there is no basis for an evaluation beyond current 10% evaluation.

A VA examination conducted on January 3, 1990, diagnosed right groin intractable pain. On January 24, 1990, a private physician, Dr. Matuk, reported that appellant "has a very painful and tender scar in the right inguinal area caused by 3 consecutive surgeries of recent traumatic hernia." Appellant submitted a February 13, 1990, letter from a private physician, Dr. Heric, which concluded that appellant's disability was closer to 100% than appellant's current

disability rating. In February and March 1990, Dr. Dodge noted that appellant had "significant and severe pain" in the right inguinal region which was related to the previous hernia surgery. On March 21, 1990, a VA consultation report diagnosed postoperative neuralgia. In April 1990, appellant was prescribed medication for anxiety and severe pain. Appellant also submitted statements from Dr. Dodge which related that the 1969 hernia operation caused a long and painful scar into the scrotum, which never healed and which continued to cause appellant severe pain.

The Statement of the Case was issued on April 13, 1990. Appellant filed his appeal to the BVA on April 18, 1990. Appellant claims the tender scar should be separately rated from the residuals of the right inguinal hernia, as it was in the January 4, 1967, rating decision. Appellant maintains that the hernia disability and the scar pertain to "two individual body systems" and thus meet the required criteria for separate ratings according to the schedule for rating disabilities. On November 28, 1990, the BVA concluded that "[a] separate (compensable) evaluation for a tender scar in the right inguinal area secondary to postoperative residuals of a right inguinal hernia with ilioinguinal nerve neuritis is not warranted." *William Fanning, Jr.*, BVA 90–40457, at 4 (Nov. 28, 1990).

## II. DISCUSSION

■ Appellant argues that the BVA did not have jurisdiction over the issue of entitlement to a separate compensable rating for a tender and painful scar because the rating board never adjudicated this issue. The BVA's jurisdiction extends to "[a]ll questions of law and fact necessary to a decision by the [Secretary] under a law that affects the provision of benefits by the Secretary...." 38 C.F.R. § 20.101(a) (1992); *see also* 38 U.S.C.A. §§ 7104(a), 511(a) (West 1991).

■ This Court has consistently held that the BVA "must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." *Mingo v. Derwinski*, 2 Vet.App. 51,

54 (1992) (citing to *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991)). The VA's statutory "duty to assist" appellant, under 38 U.S.C.A. § 5107(a) (West 1991), to develop the facts pertinent to his claim, must extend the liberal reading given to appellant's substantive appeal "to include issues raised in all documents or oral testimony submitted prior to the BVA decision." *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991). In the Statement of Accredited Representative in Appealed Case, appellant requested the BVA to assign a separate rating for a tender scar. The Court holds that the BVA had jurisdiction to decide the issue on appeal.

### A. Total and Permanent Disability Rating

■ The BVA erred when it failed to address appellant's claim of total and permanent disability due to individual unemployability. Appellant submitted medical statements which reported appellant as "totally disabled" and "clearly disabled for employment." A statement from Dr. Dodge reported appellant's complaint that the constant and severe pain kept him in bed a great deal. In a 1975 VARO hearing, appellant testified that he last worked as a postal clerk from 1967 to 1970, left this position because of his disability, and had tried unsuccessfully to obtain employment since that time. There is no evidence in the record of employment since 1970.

■ The BVA may not ignore or disregard a claim merely because the veteran did not expressly raise the appropriate legal provision which corresponds to the benefit sought. *Akles v. Derwinski*, 1 Vet. App. 118, 121 (1991); *Douglas v. Derwinski*, 2 Vet.App. 103, 109 (1992). The BVA should have addressed veteran's contentions by determining the applicability of 38 C.F.R. § 4.16(b) (1992). The established VA policy is that "all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated as totally disabled." 38 C.F.R. § 4.16(b); *Moyer v. Derwinski*, 2 Vet.App. 289, 294 (1992). Pursuant to § 4.16(b), where appellant failed to meet the required disability percentage ratings enunciated in § 4.16(a), the Director of Compensation and Pension Service should have submitted appellant's claim for extra-schedular consideration and for application of 38 C.F.R. § 3.321(b)(1) (1992). A total and permanent disability rating on an extra-schedular basis, pursuant to 38 C.F.R. § 3.321(b)(2), shall be considered "[t]o accord justice ... to the exceptional case where the schedular evaluations are found to be inadequate...." *Moyer*, 2 Vet.App. at 293. An exceptional case includes such factors as "marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards." *Moyer*, 2 Vet.App. at 293 (quoting 38 C.F.R. § 3.321(b)(1)). Appellant has been hospitalized numerous times for his service-connected disability, and he has presented a scant employment history, yet the BVA decision failed to apply this pertinent regulation. This Court has consistently held that the Board is not free to ignore its own regulations. *Roberts v. Derwinski*, 2 Vet.App. 387, 390 (1992) (citing *Karnas v. Derwinski*, 1 Vet. App. 308, 311 (1991)). The BVA failed to explain why this extra-schedular consideration was not given to appellant and thus this issue must be remanded for extra-schedular consideration or an explanation as to the "reasons or bases" for rejection of the applicability of such consideration.

### B. Effect of Pain

■ The Board also failed to address the extent of pain appellant experiences and its impact on his employability. *See Hatlestad v. Derwinski*, 1 Vet.App. 164 (1991). Appellant's pain from the scar in the right inguinal area has recently been characterized by medical examiners as "significant and severe" and "very painful." He maintains that he has suffered from chronic pain of the tender scar for 36 years. A June 1989 VA Progress Report reveals that appellant's pain has become worse since January 1989 and appellant must use crutches to walk and a motorized wheelchair at home. Upon remand, the Board shall also discuss appellant's pain and its

effect on his industrial impairment and earning capacity.

## C. Psychiatric Disorder

Appellant asserted he suffers from a psychiatric disorder arising from the continuous pain in the right inguinal area. In its November 28, 1990, decision the BVA failed even to note that appellant had made such a claim and the BVA never addressed the possibility that appellant suffers from a service-connected psychiatric disorder. A review of the record reveals that on June 17, 1980, the BVA remanded the issue of appellant's entitlement to secondary service connection for a nervous disorder to determine the nature and extent of any psychiatric disorder. Appellant was hospitalized for this purpose, but the medical report showed that no psychiatric evaluation was performed. On October 5, 1981, the BVA found the medical report insufficient and remanded this issue again for an evaluation. However, the VA again failed to perform any psychiatric evaluation of appellant. The BVA denied appellant an increased disability rating in its August 25, 1982, decision, but did not consider or cite to any psychiatric evaluation.

On December 29, 1989, Dr. Heric opined that appellant was in "considerable emotional distress" due to his disability problems. Past medical records reveal that appellant was a "psychological cripple" and received an appointment for a fee basis evaluation for psychiatric condition, although no psychiatric evaluation appears in the record. Medication has been prescribed for appellant's anxiety and pain. The VA breached its duty to assist appellant when it failed to consider the claim for a psychiatric disorder. *See* 38 U.S.C.A. § 5107(a); *Ashmore v. Derwinski,* 1 Vet. App. 580, 584 (1991); *EF,* 1 Vet.App. 324. In this instance, the duty to assist includes conducting a thorough and contemporaneous medical and psychiatric examination which takes into account the records of prior medical evaluations and treatment so that the evaluation of the claimed disability will be a fully informed one. *Wilson v. Derwinski,* 2 Vet.App. 16, 21 (1991); *Green*

*v. Derwinski,* 1 Vet.App. 121, 124 (1991); *Littke v. Derwinski,* 1 Vet.App. 90, 92 (1990). The Court remands this issue for a medical and psychiatric examination, further development, and a determination of whether appellant is entitled to service connection for a psychiatric condition arising from pain from his service-connected hernia disability.

## D. Pyramiding

The Secretary has statutory authority to adopt a schedule of ratings for the purpose of compensating veterans for reductions in earning capacity due to specific injuries. 38 U.S.C.A. § 1155 (West 1991). In *Brady v. Brown,* 4 Vet.App. 203, 206 (1993), this Court stated that "the rating schedule may not be employed as a vehicle for compensating a claimant twice (or more) for the same symptomatology; such a result would overcompensate the claimant for the actual impairment of his earning capacity" and would constitute pyramiding. The VA has promulgated a regulation titled "Avoidance of pyramiding" which provides: "The evaluation of the same disability under various diagnoses is to be avoided." 38 C.F.R. § 4.14 (1992); *Brady,* 4 Vet.App. at 206.

Of course, it is possible for a veteran to have separate and distinct manifestations attributable to two different disability ratings, and, in such a case, the veteran should be compensated under different diagnoses. In fact, section 4.14 provides for such cases by noting that "[d]isability from injuries to the muscles, nerves, and joints of an extremity may overlap to a great extent, so that special rules are included in the appropriate bodily system for their evaluation." 38 C.F.R. § 4.14. However, the regulation states that pyramiding shall be avoided where it results in the "use of manifestations not resulting from service-connected disease or injury in establishing the service-connected evaluation" or "the evaluation of the same manifestation under different diagnoses." *Id.*

In the instant case, the BVA did not consider a separate rating for appellant's tender scar under the schedule of ratings for the skin under 38 C.F.R. § 4.118, DC 7804 (1992) (scars, superficial, tender and painful on objective demonstration). The BVA stated that a "separate (compensable) rating for tender scarring in the right inguinal region would constitute pyramiding which is not permissible under the cited legal authority." *Fanning,* BVA 90–40457, at 4.

▮▮▮ The BVA properly raised the issue of pyramiding in its decision, due to appellant's claim for separate ratings based on his scar in the right inguinal area. Pursuant to 38 U.S.C.A. § 7104(d)(1) (West 1991), the Board is required to include in its decisions "a written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions." *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990); *see Green,* 1 Vet.App. at 123–24. When the Board finds appellant is not entitled to a separate rating for a disability due to pyramiding, the decision must include an explanation of the BVA's reasons for so concluding according to the applicable law and regulations. *See Mingo,* 2 Vet.App. at 53. Upon remand, the BVA shall articulate "reasons or bases" for its conclusion. *See* 38 U.S.C.A. § 7104(d)(1).

### III. CONCLUSION

After consideration of the supporting memoranda and review of the record, the Court holds that the BVA committed legal error which warrants remand. Accordingly, the November 28, 1990, BVA decision is REMANDED for: (1) extra-schedular consideration, pursuant to 38 C.F.R. §§ 3.321(b)(1) and 4.16(b) or an explanation for rejection of the applicability of such consideration; (2) consideration of appellant's employability in light of the pain he suffers; (3) consideration of psychiatric disorder; and (4) articulation of the reasons or bases for the BVA's conclusion that a separate rating for tender scar would constitute impermissible pyramiding. Appellant is free to submit additional evidence and argument on remand.