Citation Nr: 1221999 
Decision Date: 06/22/12 Archive Date: 07/02/12

DOCKET NO. 05-27 064 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

H. Bunker, Associate Counsel



INTRODUCTION

The Veteran served on active duty from July 1962 to July 1966 and from July 1968 to August 1976.

This case comes before the Board of Veterans' Appeals (Board) from the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

The claim was before the Board in June 2011 and it was remanded at that time to the Agency of Original Jurisdiction (AOJ) to assist the Veteran in the development of his claim. The case is now again before the Board.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Unfortunately, a remand is required again in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 

A total disability rating based on individual unemployability may be assigned where the schedular rating is less than total when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service connected disability ratable at 60 percent or more or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more and there is sufficient additional service connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a) (2011). Substantially gainful employment is defined as work that is more than marginal and that permits the individual to earn a living wage. Moore v. Derwinski, 1 Vet. App. 356 (1991).

If a Veteran fails to meet the applicable percentage standards enunciated in 38 C.F.R. § 4.16(a), rating boards should refer to the Director, Compensation and Pension Service for extra-schedular consideration all cases where the Veteran is unable to secure or follow a substantially gainful occupation by reason of service- connected disability. 38 C.F.R. § 4.16(b). See also Fanning v. Brown, 4 Vet. App. 225 (1993). The Veteran's service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue must be addressed. 38 C.F.R. § 4.16(b).

Although the Veteran does not currently meet the schedular requirements for a TDIU, as he does not have one disability rated as 40 percent or more, the AOJ has not considered the claim on an extraschedular basis. 38 C.F.R. § 4.16 (2011).

In the present case, a November 2003 VA treatment record indicated that the Veteran lost his job because of his low back pain. Additionally, the Veteran reported at his July 2010 VA examination that he was currently unemployed and that his low back pain resulted in increased absenteeism when he was employed. An August 2011 VA treatment record noted the Veteran wanted to be considered for employment, but felt that due to his age and diminished physical health, his employment options might be limited.

In the Board's August 2011 remand instructions the Veteran was to be scheduled for a new VA examination to obtain an opinion as to the effect of his service-connected disabilities on his employment. 

The Veteran was scheduled for a VA examination in August 2011. However, as noted in the Veteran's representative's January 2012 Brief, the August 2011 VA examiner did not take into account all of the Veteran's service-connected disabilities. The Board notes that the Veteran is service-connected for migraines, residuals of a laminectomy, residuals of a rhinoplasty, radiculopathy of the bilateral lower extremities, hearing loss, residuals of a left hernioplasty, residuals of a tonsillectomy, and residuals of a left varicocelectomy. The August 2011 VA examiner only discussed the Veteran's service-connected spine disability and the effect it had on his employability.
In Stegall v. West, 11 Vet. App. 268, 271 (1998), the Court of Appeals for Veterans Claims (Court) held that a remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with its remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. As the August 2011 VA examiner did not discuss the effect of all of the Veteran's service-connected disabilities, acting alone and together, on his employability, the claim must be remanded again.

Accordingly, the case is REMANDED for the following action:

1. Inform the Veteran of the elements of a claim for an extraschedular evaluation under 38 C.F.R. § 3.321(b)(1). The Veteran should be asked to furnish records verifying that he experiences marked interference with employment, that he has had frequent periods of hospitalization, or that he is unable to follow a substantially gainful employment due to his service-connected disabilities.

2. After the Veteran has been provided a reasonable opportunity to provide evidence in accordance with the above directives and any records received have been associated with the claims folder, schedule the Veteran for an appropriate VA examination to determine the effect of his service connected disabilities on his employability. The examiner should offer an opinion as to whether it is at least as likely as not that the Veteran's service-connected disabilities, acting alone or together, cause marked interference with his employment or, in the alternative, render him unable to secure or maintain substantially gainful employment. The examiner should specifically review the claims file to determine the most updated rating decision which contains all of the Veteran's service-connected disabilities.

Any opinion should be accompanied by an explanation regarding how the Veteran's service connected disabilities cause marked interference with employment or an inability to follow a substantially gainful employment. If the examiner cannot determine whether the Veteran's service connected disabilities cause marked interference with his employment without invoking processes relating to guesses or judgment based on mere conjecture, the examiner should clearly specify so in the report with an explanation as to why.

It would be helpful if the examiner would use the following language, as may be appropriate: 'more likely than not' (meaning likelihood greater than 50%), 'at least as likely as not' (meaning likelihood of at least 50%), or 'less likely than not' or 'unlikely' (meaning that there is less than 50% likelihood). The term 'at least as likely as not' does not mean 'within the realm of medical possibility.' Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

3. After completing the above, submit the TDIU issue to the Under Secretary for Benefits or Director of Compensation and Pension Service for an extraschedular evaluation under 38 C.F.R. § 4.16(b). All of the Veteran's service-connected disabilities, as well as his employment history, educational and vocational attainment and all other factors having a bearing on his employability (or lack thereof) should be considered.

4. After completing the above, and any other development deemed necessary, the AOJ should readjudicate the claim to include whether an extraschedular rating is warranted. If the benefits sought on appeal are not granted, the Veteran and his representative should be furnished with a supplemental statement of the case and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
L.M. BARNARD
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).