﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/30/19

DOCKET NO. 190114-3049
DATE: September 30, 2019

ORDER

The claim of entitlement to a compensable evaluation for a bilateral hearing loss disability is denied.

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities is denied. 

FINDINGS OF FACT

1. Throughout the period on appeal, the Veteran manifested no worse than Level I hearing acuity in his left ear and Level I hearing acuity in his right ear. 

2. The Veteran’s service-connected disabilities do not preclude him from securing and following a substantially gainful occupation.

CONCLUSIONS OF LAW

1. The criteria for a compensable evaluation for a bilateral hearing loss disability have not been met for the period on appeal. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.2, 4.3, 4.7, 4.10, 4.21, 4.85, 4.86, Diagnostic Code (DC) 6100 (2018). 

2. The criteria for entitlement to a TDIU have not been met for the period on appeal. 38 U.S.C. §§ 5107 (2012); 38 C.F.R. § 3.102, 3.340, 3.341, 4.3, 4.16, 4.19 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the U.S. Army from June 1981 to June 1984. Under this appeal, the Veteran contends that he is entitled to a compensable evaluation for a bilateral hearing loss disability. This appeal also includes a claim of entitlement to a total disability rating based on individual employability (TDIU) due to service-connected disabilities. 

This case comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2018 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

In May 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). He selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the August 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. On January 13, 2019, the Veteran appealed the August 2018 rating decision to the Board and requested the Evidence Submission Lane to be allowed 90 days to submit additional evidence pertaining to the period on appeal. 

Under the AMA, the Board may not consider any evidence that was added to the claims file during a period of time when new evidence was not allowed. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. 

I. Entitlement to a Compensable Evaluation for a Bilateral Hearing Loss Disability for the Period on Appeal from March 24, 2014 to April 23, 2019

Disability ratings are determined by applying the criteria set forth in the VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321, 4.1. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10. 

In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the Veteran’s disability. 38 C.F.R. §§ 4.1, 4.2; Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).

If the disability more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7. It is not expected that all cases will show all the findings specified; however, findings sufficiently characteristic to identify the disease and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21. 

In deciding this appeal, the Board has considered whether separate ratings for different periods of time, based on the facts found, are warranted, a practice of assigning ratings referred to as “staging the ratings.” See Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2008).

Hearing Loss Disability

As background for this case, the RO granted the Veteran service connection for a left ear hearing loss disability with a noncompensable (0 percent) evaluation in a September 2013 rating decision. 

The current claim of entitlement to a compensable evaluation for a hearing loss disability may be traced back to a March 2015 claim for a total disability rating based in individual unemployability (TDIU) due to service-connected disabilities. In a July 2015 rating decision, the RO denied the Veteran’s claim of entitlement to a TDIU. Less than one year later in May 2016, the Veteran again submitted a claim for a TDIU. 

In a September 2016 rating decision, the RO granted service connection for a right ear hearing loss disability with a noncompensable evaluation. The RO also denied a claim of entitlement to a compensable evaluation for a bilateral hearing loss disability. 

In the August 2018 AMA rating decision currently at issue, the RO denied the Veteran’s claim of entitlement to a compensable evaluation for a bilateral hearing loss disability. 

Ratings for a hearing loss disability are based on organic impairment of hearing acuity as measured by the results of controlled speech discrimination testing together with the average hearing threshold level, in decibels (dB) as measured by pure tone audiometric tests in the frequencies 1000, 2000, 3000 and 4000 Hertz (Hz). 38 C.F.R. § 4.85, Diagnostic Code (DC) 6100. An examination for hearing impairment for VA purposes must include a controlled speech discrimination test (Maryland CNC). Id. To evaluate the degree of disability from defective hearing, the rating schedule requires assignment of a Roman numeral designation, ranging from I to XI. Other than exceptional cases, VA arrives at the proper designation by mechanical application of Table VI, which determines the designation based on results of standard test parameters. Id. Table VII is then applied to arrive at a rating based upon the respective Roman numeral designations for each ear. Id. 

Exceptional patterns of hearing impairment allow for assignment of the Roman numeral designation through the use of Table VI or an alternate table, Table VIA, whichever is more beneficial to the Veteran. 38 C.F.R. § 4.86. This applies to two patterns. In both patterns, each ear will be evaluated separately. Id. The first pattern is where the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hz) is 55 dB or more. 38 C.F.R. § 4.86(a). The second pattern is where the pure tone threshold is 30 dB or less at 1000 Hz and 70 dB or more at 2000 Hz. Id. If the second pattern exists, the Roman numeral will be elevated to the next higher numeral. Id. 

In considering the evidence of record under the laws and regulations as set forth above, the Board finds that the preponderance of the evidence is against the assignment of a compensable evaluation for the Veteran’s bilateral hearing loss disability. 38 C.F.R. §§ 4.85, 4.86, DC 6100. 

The Veteran underwent a VA examination for his hearing loss disability in September 2016. The pure tone thresholds in the Veteran’s right ear were 35, 30, 35, and 45 dB, at 1000, 2000, 3000 and 4000 Hz. The average pure tone threshold in the right ear was 36.25 dB. The pure tone thresholds in the Veteran’s left ear were 35, 35, 40, and 35 dB, at 1000, 2000, 3000 and 4000 Hz. The average pure tone threshold in the left ear was 36.25 dB. 

A speech discrimination score was available at the September 2016 examination. However, the VA examiner determined that the use of speech discrimination testing was not appropriate for the Veteran for either ear because of language difficulties, cognitive problems, inconsistent word recognition scores, and other factors. Thus, the Board will use Table VIA, which is based solely on the pure tone threshold average. Based on Table VIA, the Veteran qualifies for Roman numeral I level hearing in both ears. Combining the levels for each ear according to Table VII results in a noncompensable (0 percent) disability rating. 

The Veteran’s other medical treatment records are substantially consistent with the VA examinations of record. For example, in an Audiology Education Note from April 2015, the Veteran was found to have mild sensorineural hearing loss in both ears. At an Audiology Consult from May 2015, the Veteran was found to have normal to moderate hearing loss based on an audiogram from April 2015. The Veteran was retested at this Consult, but the results were found to be invalid. In a September 2016 Audiology Education Note, the Veteran stated that he was struggling more and more to understand voices when there was background noise. However, the examiner found that the Veteran’s sensorineural hearing loss was within normal limits or mild. The record reflects that the Veteran regularly uses hearing aids; though he has complained of trouble hearing even when he is using the hearing aids. 

A higher rating is not warranted under 38 C.F.R. § 4.86. As discussed above, when using Table VIA, the Veteran’s hearing impairment corresponds to Level I in the right ear and Level I in the left ear. When those values are applied to Table VII, a noncompensable disability rating is assigned. See 38 C.F.R. § 4.86. Thus, the Veteran is not entitled to a higher evaluation for his service-connected bilateral hearing loss disability pursuant to 38 C.F.R. § 4.86. 

The Board has carefully reviewed the remaining record from the period on appeal in its entirety but finds no other probative evidence of record showing that the appellant’s hearing loss is more severe for compensation purposes than demonstrated on the VA evaluations discussed above. There is no evidence that the Veteran met the criteria for a compensable disability evaluation at any time during the appeal period. The assignment of a schedular disability evaluation for hearing impairment is a purely mechanical application of the schedular rating criteria under 38 C.F.R. §§ 4.85 or 4.86, DC 6100; See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992).

Based on the above, the Board finds that the preponderance of the evidence is against the assignment of a compensable evaluation for the Veteran’s bilateral hearing loss disability during the period on appeal. Therefore, the Veteran’s claim of entitlement to a compensable evaluation for a bilateral hearing loss disability for the period on appeal must be denied. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321, 4.1, 4.85, 4.86, DC 6100.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claims, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.

II. Total Disability Rating Based on Individual Unemployability (TDIU)

The VA will grant a total disability rating based on individual unemployability (TDIU) when the evidence shows that a veteran is precluded, by reason of service-connected disabilities, from obtaining and maintaining any form of gainful employment consistent with education and occupational experience. 38 C.F.R. §§ 3.340, 3.341, 4.16 (2017). 

A claim for a TDIU is a potential part of an increased rating claim when such claim is expressly raised by the Veteran or reasonably raised by the record. A TDIU may be assigned by the Board in the first instance where the schedular rating is less than total if it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of 1) a single service-connected disability ratable at 60 percent or more, or 2) as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. See 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

Furthermore, it is the policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disability shall be rated totally disabled. 38 C.F.R. § 4.16(b). Thus, if a veteran fails to meet the applicable percentage standards enunciated in 38 C.F.R. § 4.16(a), an extra-schedular rating is for consideration where the veteran is unemployable due to service-connected disability. 38 C.F.R. § 4.16(b); see also Fanning v. Brown, 4 Vet. App. 225 (1993). Neither non-service-connected disabilities nor advancing age may be considered in the determination. 38 C.F.R. §§ 3.341, 4.19; Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). Thus, the Board may not consider the effects of the Veteran’s non-service-connected disabilities on his ability to function.

With regard to whether the Veteran is entitled to a TDIU pursuant to 38 C.F.R. § 4.16(b), the Board has no authority to award a TDIU under § 4.16(b) in the first instance. Rather, the rating board must submit to the Director of Compensation Service for extraschedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in § 4.16(a). Bowling v. Principi, 15 Vet. App. 1, 10 (2001). If the Director denies the extraschedular TDIU, the Board has jurisdiction to grant or deny the appeal, or remand for additional development, and the Director’s decision is the same as the RO’s as far as the Board’s jurisdiction and standard of review. Wages v. McDonald, 27 Vet. App. 233, 238 (2015).

As discussed earlier, in March 2015, the Veteran filed a claim of entitlement to a total disability rating based in individual unemployability (TDIU) due to service-connected disabilities. In a July 2015 rating decision, the RO denied the Veteran’s claim of entitlement to a TDIU. Less than one year later in May 2016, the Veteran again submitted a claim for a TDIU. In a September 14, 2016 rating decision, the RO again denied the Veteran’s claim for a TDIU. The Veteran filed another application for a TDIU on September 19, 2016, and his claim was denied in a January 2017 rating decision. 

Because the Veteran’s claim of entitlement to a TDIU was based in part on the Veteran’s service-connected bilateral hearing loss disability currently on appeal, the issues before the Board include entitlement to a TDIU for the period on appeal. 

Service connection has been established for the Veteran’s bilateral hearing loss disability and tinnitus disability. 

The Veteran has a noncompensable (0 percent) disability rating for his bilateral hearing loss disability, and he has a disability rating of 10 percent for his tinnitus disability. The Veteran’s combined disability evaluation is 10 percent for the period on appeal. As such, the schedular requirement for a TDIU is not met.

The preponderance of the evidence is against a finding that the Veteran’s service-connected disabilities precluded him from securing or following substantially gainful employment during the period on appeal. As such, the Veteran is not entitled to a TDIU, and referral for extraschedular consideration is not warranted. 

In the Veteran’s March 2015 application for a TDIU, the Veteran reported that his disability, specifically his tinnitus disability, affected his full-time employment in 2003, and he last worked full-time in 2003. At the time of the March 2015, he was employed part-time at a thrift store as a janitor. He stated he earned about $400.00 per month. He had previously worked as a janitor at another thrift store. He reported that he had earned a GED, and he had not had any education or training since he became too disabled to work. 

In the Veteran’s March 2016 TDIU application, the Veteran reported that his various health problems, including his service-connected hearing loss disability and tinnitus disability, affected his full-time employment in August 2012. He stated that he became too disabled to work in April 2015. He reported that he had left his last job because of his disability. He did not list any current or past employers on his March 2016 TDIU application. He stated that he had tried to obtain employment since he became too disabled to work. Specifically, he had applied to be a restaurant dishwasher in May 2015. He reported that he had completed his high school education. 

In the September 2016 TDIU application, the Veteran reported that he last worked full time in August 2013, and he became too disabled to work in September 2013. At the time of the September 2016 TDIU application, he was working as a janitor at a thrift store. He had previously worked as a janitor at another thrift store, as well as in retail sales. The most he had earned in one year was $9,000.00, which he earned while working in retail sales. 

In a September 2016 VA Form 21-4192 Request for Employment Information in Connection with Claim, it was reported that, at the time, the Veteran was working 20 hours a week at a thrift store; and his duties involved cleaning and greeting. He had earned $6,000.00 in the last 12 months. The form did not indicate any time lost in the previous 12 months due to the Veteran’s disability. 

In an October 2016 VA Form 21-4192 concerning a different employer, the Veteran was reportedly hired for sales work at a thrift store in December 2015, but his hearing loss affected communication. His hours were cut to 15 to 20 hours per week. At the time, he worked as a greeter. He was going to be released due to his disability, but he insisted that they cut his hours and give him new job assignments greeting and cleaning floors. He had earned $5,100.00 in the past 12 months

In an additional October 2016 VA Form 21-4192 from the same retail sales employer, the Veteran had reportedly lost 4 months during the past 12 months due to his disability. It was noted that the Veteran could not perform the required duties because of his bilateral hearing loss and tinnitus. Customers complained that the Veteran’s hearing was too bad, and they had to repeat themselves. 

In another October 2016 VA Form 21-4192 concerning another employer, the Veteran was reportedly hired at a thrift store to perform work sorting and lifting. The Veteran worked at the thrift store from March 2014 to July 2016. He had earned about $6,000.00 per month in the 12 months preceding the last date of employment. The employer indicated that the Veteran quit coming to work; he was not terminated. 

Records from the Social Security Administration (SSA) state that the Veteran is not disabled under SSA law.

Based on the evidence described above, the Board finds that, although the Veteran’s service-connected disabilities may have negatively impacted his employability, they did not preclude him from obtaining or following a substantially gainful occupation. The record predominantly reflects that, over the past several years, the Veteran has worked as a janitor and retail salesman; and he has had trouble maintaining full-time employment because at least some of his work-related duties have required him to engage in a substantial amount of listening and communication with customers. 

The Veteran is currently employed only part-time, and he has difficulty perform tasks that involve a substantial amount of listening. However, the Veteran has not been precluded from performing work that provided accommodations for his hearing-related disabilities or that involved minimal listening or hearing requirements. His educational and work background is not so limited as to have precluded occupations of this nature.

The preponderance of the evidence is against the finding that the Veteran was unable to secure or follow a substantially gainful occupation as the result of his service-connected disabilities during the period on appeal. Therefore, the Board finds that entitlement to a total disability rating based on individual employability (TDIU) is not warranted at this time. See 38 C.F.R. §§ 3.340, 3.341, 4.16.

(Continued on the next page)

 

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.

 

 

JAMES G. REINHART

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Dawn A. Leung, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.