﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191010-36807
DATE: June 16, 2020

ORDER

Entitlement to an initial compensable rating for residuals of lung cancer is denied. 

Entitlement to an initial rating of 10 percent, but no higher, for scars related to lung lower lobectomy is granted. 

FINDINGS OF FACT

1. For the appeal period, the Veteran’s service-connected residuals of lung cancer was manifested by dry cough and shortness of breath, without residuals of the neoplasm or its treatment; and has not been manifested by readings of Forced Expiratory Volume in one second (FEV-1) of 71- to 80-percent predicted, or; the ratio of Forced Expiratory Volume in one second to Forced Vital Capacity (FEV-1/FVC) of 71 to 80 percent, or; Diffusion Capacity of the Lung for Carbon Monoxide by the Single Breath Method (DLCO (SB)) 66- to 80-percent predicted.

2. For the appeal period, the Veteran had one scar related to lung lower lobectomy manifested as painful that were superficial, not deep, non-linear, nor unstable; and measured less than six inches squared in size; and did not affect his head, face, or neck.

CONCLUSIONS OF LAW

1. The criteria for an initial compensable rating for the residuals of lung cancer have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.2, 4.3, 4.7, 4.96, 4.97, Diagnostic Codes 6819, 6844.

2. The criteria for an initial 10 percent rating for residuals scars related to lung lower lobectomy have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.2, 4.3, 4.7, 4.114, Diagnostic Codes 7801-7805.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Air Force (USAF) from December 1990 to June 1991, to include service in Southwest Asia. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). That law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

Accordingly, the July 2019 AMA rating decision considered the evidence of record as of the date VA received claim. The Veteran timely appealed the July 2019 rating decision, and selected the Direct-Level Review lane when he submitted his VA Form 10182 Notice of Disagreement, requesting direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Increased Rating Claims

The Veteran has asserted that he should have higher ratings for his residuals of lung cancer and scars related to lung lower lobectomy as his symptoms are worse than those contemplated by the currently assigned ratings. Specifically, he asserts that he may still have lung cancer, and that he has a large painful scar that warrants a compensable rating. 

Disability evaluations are determined by the application of the VA’s Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual disorders in civil occupations. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7. Where the evidence contains factual findings that demonstrate distinct time periods in which the service-connected disability exhibits symptoms that would warrant different evaluations during the course of the appeal, the assignment of staged ratings is appropriate. See Fenderson v. West, 12 Vet. App. 119, 126-127 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Board considers not only the criteria of the currently assigned diagnostic codes, but also the criteria of other potentially applicable diagnostic codes. In general, all disabilities, including those arising from a single disease entity, are rated separately, and all disability ratings are then combined in accordance with 38 C.F.R. § 4.25. However, the evaluation of the same “disability” or the same “manifestations” under various diagnoses is not allowed. See 38 C.F.R. § 4.14. A claimant may not be compensated twice for the same symptomatology as “such a result would overcompensate the claimant for the actual impairment of his [or her] earning capacity.” See 38 U.S.C. § 1155; Brady v. Brown, 4 Vet. App. 203, 206 (1993). This would result in pyramiding, contrary to the provisions of 38 C.F.R. § 4.14. However, if a veteran has separate and distinct manifestations attributable to the same injury, they should be compensated under different diagnostic codes. See Esteban v. Brown, 6 Vet. App. 259 (1994); Fanning v. Brown, 4 Vet. App. 225, 230 (1993).

38 U.S.C. § 1154 (a) requires that the VA give “due consideration” to “all pertinent medical and lay evidence” in evaluating a claim to disability benefits. Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). When analyzing lay evidence, the Board should assess the evidence and determine whether the disability claimed is of the type for which lay evidence is competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011).

1. Residuals of Lung Cancer

The Veteran is currently rated with a noncompensable rating for his lung cancer residuals under Diagnostic Code 6819. 

The rating criteria for evaluating lung cancer residuals are set forth at 38 C.F.R. § 4.97, Diagnostic Code 6819, which assigns a 100 percent rating for malignant neoplasms. The 100 percent rating is continued beyond the cessation of any surgical, X-ray, antineoplastic or other therapeutic procedure. Six months after discontinuance of such treatment, the appropriate disability rating shall be determined by VA examination; if there has been no local recurrence or metastasis, rate on residuals. Id.

Respiratory disorders rated under diagnostic codes 6600 through 6817 and 6822 through 6847 will not be combined with each other. Where there is lung or pleural involvement, ratings under diagnostic codes 6819 and 6820 will not be combined with each other or with diagnostic codes 6600 through 6817 or 6822 through 6847. Rather, a single rating will be assigned under the code which reflects the predominant disability with elevation to the next higher evaluation where the severity of the overall disability warrants such elevation. 38 C.F.R. § 4.96(a).

The Board will also consider Diagnostic Code 6844 for rating post-surgical residual lobectomy. Post-surgical residuals of respiratory disability are rated under the General Rating Formula for Restrictive Lung Disease. 38 C.F.R. § 4.97.

Under the General Rating Formula for Restrictive Lung Disease, a 10 percent rating is provided where there is FEV-1 of 71- to 80-percent predicted, or; the ratio of FEV-1/FVC of 71 to 80 percent, or; DLCO (SB) 66- to 80-percent predicted. A 30 percent rating is provided where there is FEV-1 of 56- to 70-percent predicted, or; FEV-1/FVC of 56 to 70 percent, or; DLCO (SB) 56- to 65-percent predicted. A 60 percent rating is provided where there is FEV-1 of 40- to 55-percent predicted, or; FEV-1/FVC of 40 to 55 percent, or; DLCO (SB) of 40- to 55-percent predicted, or; maximum oxygen consumption of 15 to 20 ml/kg/min (with cardiorespiratory limit). A 100 percent rating is provided where there is FEV-1 less than 40 percent of predicted value, or; the FEV-1/FVC less than 40 percent, or; DLCO (SB) less than 40-percent predicted, or; maximum exercise capacity less than 15 ml/kg/min oxygen consumption (with cardiac or respiratory limitation), or; cor pulmonale (right heart failure), or; right ventricular hypertrophy, or; pulmonary hypertension (shown by Echo or cardiac catheterization), or; episode(s) of acute respiratory failure, or; requires outpatient oxygen therapy. 38 C.F.R. § 4.97, Code 6844. When evaluating based on PFTs, use post-bronchodilator results in applying the evaluation criteria in the rating schedule unless the post-bronchodilator results were poorer than the pre-bronchodilator results. 38 C.F.R. § 4.96(d)(5).

At a July 2019 VA examination, the examiner diagnosed residuals status post (SP) left lung lower lobectomy for non-small cell lung cancer. The examiner noted that the Veteran had shortness of breath after walking a block and dry cough that could be uncontrollable that developed after surgery that occurred four to five times a day that had not improved. The Veteran’s residuals of lung cancer did not require the use of oral or parenteral corticosteroid medications, inhaled medications, oral bronchodilators, antibiotics, nor outpatient oxygen therapy. He was shown to have malignant neoplasm in remission after surgery in April 2019. He was not shown to have any residual conditions or complications due to the neoplasm or its treatment. There were no other pertinent physical findings, complications, conditions, signs or symptoms related to residuals of lung cancer. Imaging studies from April 2019 showed there was a left pleural effusion in his left lung. Pulmonary function testing was not performed and the examiner found it was not appropriate at this time. The examiner found the Veteran’s residuals of lung cancer impacted his ability to work. In that regard, the examiner noted the Veteran lost greater than five weeks of work in the prior 12 months due to his lung cancer, and that he had pain and discomfort at his incision site, and that he would become short of breath easily.

A review of the record shows that the Veteran receives treatment at the VA Medical Center and from private providers for various disabilities. A review of the treatment notes of record does not show the Veteran to have symptoms of his residuals of lung cancer that are worse than those reported at the VA examination of record. Notably, an April 2019 private treatment record indicates the Veteran had a left pleural effusion, with a normal right lung, and that there were no lung nodules or masses present at that time. 

The Board finds that the Veteran is not entitled to an initial compensable rating for his residuals of lung cancer. In this regard, the medical evidence and VA opinions during this period indicate the Veteran’s lung cancer was in remission. Pursuant to the language of Diagnostic Code 6819, that if there has been no local recurrence or metastasis to rate on the residuals, the Board has also considered a rating under Diagnostic Code 6844, post-surgical residuals. The Board notes that the Veteran has alleged that his cancer is not in remission as a spot on his lung is being monitored. However, the clinical evidence of record during this appeal period clearly indicates that his lung cancer is currently in remission.

Here, under the General Rating Formula for Restrictive Lung Disease, a 10 percent rating is provided where there is FEV-1 of 71- to 80-percent predicted, or; FEV-1/FVC of 71 to 80 percent, or; DLCO (SB) 66- to 80-percent predicted. 38 C.F.R. § 4.97.

During this period, the Board notes that there are no PFT results in the medical evidence. Specifically, the July 2019 VA examiner indicated that such testing was not appropriate to perform. However, the Board finds that the Veteran is not entitled to an initial compensable rating under Diagnostic Code 6844. In this regard, the Veteran has complained of shortness of breath and dry cough and has not been shown to have any residual conditions or complications due to the neoplasm or its treatment. Moreover, the Veteran has not been shown to have FEV-1 of 71- to 80-percent predicted, or; the ratio of FEV-1/FVC of 71 to 80 percent, or; DLCO (SB) 66- to 80-percent predicted. In every instance where the schedule does not provide a zero percent rating for a diagnostic code, as here, a zero percent rating shall be assigned when the requirements for a compensable rating are not met. 38 C.F.R. § 4.31.

The Board has considered other possible residuals, and notes that the Veteran is already service-connected for scars related to his lung cancer surgery under Diagnostic Code 7805, and is discussed separately below. 

Therefore, the Board finds that the evidence shows that the overall disability picture for this period satisfies the criteria for a noncompensable rating and no higher for the Veteran’s service-connected lung cancer residuals for the period on appeal. See 38 C.F.R. § 4.97, Diagnostic Codes 6819, 6844; see also 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990).

All potentially applicable diagnostic codes have been considered, and there is no basis to assign an alternative evaluation for the Veteran’s residuals of lung cancer other than that discussed above. See Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). 

Consideration has been given to assigning staged ratings. However, at no time during the period in question has the disability warranted a higher schedular rating than that assigned. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

To the extent the Veteran believes that he currently still has lung cancer that is not in remission, as a lay person, the Veteran has not shown that he has specialized training sufficient to render such an opinion. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). In this regard, diagnosis of lung cancer requires that medical expertise. Accordingly, the Veteran’s opinion that he currently has active lung cancer that warrants a compensable disability rating is not competent medical evidence. The Board finds that the only probative medical evidence of record, the findings and opinion of the July 2019 VA examiner, to be of greater probative value than the Veteran’s lay contentions. Upon review of the evidence, the Board finds the preponderance of the evidence is against the claim.

Accordingly, the Board finds that the preponderance of the evidence is against the claim and entitlement to an initial compensable rating for the residuals of lung cancer is not warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. Scars

The Veteran is currently rated with a noncompensable rating for his scars under Diagnostic Code 7805. 

The rating criteria for evaluating scars are set forth at 38 C.F.R. § 4.118, Diagnostic Codes 7800-7805. Diagnostic Code 7800 pertains to scars of the head, face, or neck and is therefore not for application in this claim.

Pursuant to Diagnostic Code 7801, burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that are deep and nonlinear in an area or areas of at least 6 square inches (39 sq. cm.) but less than 12 square inches (77 sq. cm.) will be assigned a 10 percent rating. Note (1) indicates that a deep scar is one associated with underlying soft tissue damage. 38 C.F.R. § 4.118, Diagnostic Code 7801. 

Diagnostic Code 7802 pertains to burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that are superficial and nonlinear in an area or areas of 144 square inches (929 sq. cm.) or greater will be assigned a 10 percent rating. Note (1) indicates that a superficial scar is one not associated with underlying soft tissue damage. 38 C.F.R. § 4.118, Diagnostic Code 7802. 

Diagnostic Code 7804 pertains to unstable or painful scars. One or two scars that are unstable or painful are rated at 10 percent disabling. Note (1) to Diagnostic Code 7804 provides that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar. 38 C.F.R. § 4.118, Diagnostic Code 7804. 

Diagnostic Code 7805 provides that any other scars (including linear scars) and other disabling effects of scars should be evaluated even if not considered in a rating provided under diagnostic codes 7800-04 under an appropriate diagnostic code.

At a July 2019 VA examination for respiratory conditions, the examiner noted that the Veteran had scars at chest tube sites that were as follows: located on the left chest lateral, surgical site, and measured 12 centimeters by 0.3 centimeters; located at the inferior anterior and measured 1.5 centimeters by 0.3 centimeters; and located at the inferior posterior and measured 2.5 centimeters by 0.3 centimeters. The examiner noted that the Veteran had left side discomfort at site of surgery. The examiner noted that the scar was healing well, with small inflammation above which was normal for his surgery. The Veteran reported he had developed a neuropathy pain or burning posterior and towards the anterior of the lung lobectomy incision cite, and that his symptoms occurred four to five times per day. He also reported post-surgical and incision soreness at the site. 

A review of the record shows that the Veteran receives treatment at the VA Medical Center and from private providers for various disabilities. A review of the treatment notes of record does not show the Veteran to have symptoms of his scars that are worse than those reported at the VA examination of record. 

The Board finds that the Veteran is entitled to an initial rating of 10 percent for his scars. In this regard, the scars do not affect the head, face, or neck; they do not measure at least six square inches; they were not shown to be deep, nonlinear, nor unstable. All of his scars have been noted to be well-healed. However, the Veteran has one scar that is shown to be painful. In that regard, he reported at his July 2019 VA examination that the scar at his incision site caused pain, neuropathy pain, discomfort, burning, and soreness. As such, an initial rating of 10 percent is warranted. 38 C.F.R. § 4.118, Diagnostic Codes 7800-7805. 

The Board has considered whether a staged rating under Fenderson, supra, is appropriate for the Veteran's service-connected scars related to lung lower lobectomy; however, the Board finds that his symptomatology has been stable throughout each appeal period. Therefore, assigning a staged rating for such disability is not warranted. Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, supra.

Accordingly, the Board finds that a 10 percent rating, but no higher, is warranted for scars related to lung lower lobectomy. However, the preponderance of the evidence is against a rating higher than 10 percent for the residuals of lung cancer is not warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, supra.

 

 

KRISTY L. ZADORA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Mariah N. Sim, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.